**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000539
21-JAN-2020
07:53 AM**

NO. CAAP-18-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


VIOLETA YLAITE RUSSELL, Plaintiff/Counterclaim
Defendant/Appellant,
v.
STAN SOLOMONSON, Defendant/Counterclaimant/Cross-
Claimant/Appellee,
and
SOLOMONSON MAPU, LLC, Defendant/Counterclaimant/Cross-
Claimant/Appellee,
and
DARREN RUSSELL, Defendant/Cross-Claimant/Appellee,
and
PREDRAG MIRKOVIC, Defendant-Appellee,
and
YNES MIRKOVIC, Defendant-Appellee,
and
OLD REPUBLIC TITLE & ESCROW OF HAWAII, Defendant-Appellee,
and
WELLS FARGO HOME LOANS, Defendant-Appellee,
and
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ADJUSTABLE
RATE MORTGAGE TRUST 2004-13, Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0503(1))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)


Plaintiff-Appellant Violeta Ylaite Russell (**Violeta**)[1]
and Defendant-Counterclaimant-Appellee Stan Solomonson

---

[1]     Plaintiff-Appellant is referred to by her given name to
distinguish her from Defendant-Appellee Darren Russell, her estranged husband.

(**Solomonson**) asserted competing claims for the same real property. The Circuit Court of the Second Circuit[2] entered an order granting a motion for partial summary judgment filed by Solomonson and Defendant-Counterclaimant-Appellee Solomonson Mapu, LLC (**LLC**) (collectively, **Solomonson Defendants**), a writ of possession, and a judgment for possession. Violeta appealed.[3] We affirm.

## I.

On December 5, 2017, a self-represented Violeta filed a complaint against the Solomonson Defendants, among others, and a lis pendens affecting real property located in Kīhei on the island of Maui (the **Property**). The complaint alleged that Violeta — who was living on the Property with her estranged husband, Defendant-Appellee Darren Russell (**Darren**) and their two children — was entitled to a transfer of the Property, free and clear of all liens, from the Solomonson Defendants and Darren to Violeta and the children. The Solomonson Defendants answered Violeta's complaint and asserted a counterclaim against Violeta and a cross-claim against Darren.

On March 14, 2018, the Solomonson Defendants filed a motion for partial summary judgment (**MPSJ**) that requested (1) expungement of Violeta's lis pendens and (2) issuance of a writ of possession and judgment for possession in favor of Solomonson and against Violeta and Darren. On April 30, 2018, Darren (who was self-represented) filed a memorandum that partially joined in, and partially opposed, the MPSJ. Violeta filed two memoranda in opposition to the MPSJ. The Solomonson Defendants filed a reply memorandum. The MPSJ was heard on

---

[2]    The Honorable Rhonda I.L. Loo presided.

[3]    We have appellate jurisdiction based upon Knauer v. Foote, 101 Hawai'i 81, 85, 63 P.3d 389, 393 (2003) (holding that an order expunging a lis pendens is independently appealable) and Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (recognizing jurisdiction to consider appeals from judgments which (1) require immediate execution of a command that property be delivered to the appellant's adversary, and (2) the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation under the Forgay doctrine (Forgay v. Conrad, 47 U.S. 201 (1848))).

May 17, 2018.  On June 8, 2018, the circuit court entered an order granting the MPSJ and expunging Violeta's lis pendens.  The circuit court also entered a writ of possession and a judgment for possession in favor of Solomonson and against Violeta and Darren.  This appeal by Violeta followed.[4]

## II.

An appellate court reviews a trial court's grant or denial of summary judgment de novo using the same standard applied by the trial court.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai'i 331, 338, 418 P.3d 1187, 1194 (2018).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Id. at 342, 418 P.3d at 1198.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  Id.

The moving party has the burden to establish that summary judgment is proper.  Nozawa, 142 Hawai'i at 342, 418 P.3d at 1198.  The movant may satisfy its initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry its burden of proof at trial.  Ralston v. Yim, 129 Hawai'i 46, 60, 292 P.3d 1276, 1290 (2013).  Where the movant attempts to meet its burden through the latter means, the movant must show not only that the non-movant has not placed proof in the record, but also that the non-movant will be unable to offer proof at trial.  Ralston, 129 Hawai'i at 60-61, 292 P.3d at 1290-91.

"Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is

_____

[4]     Darren has not appealed from the order granting the MPSJ, the judgment for possession, or the writ of possession.

no genuine issue of material fact, the party opposing summary judgment must demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Nozawa, 142 Hawai'i at 342, 418 P.3d at 1198 (citations omitted). The evidence must be viewed in the light most favorable to the non-moving party. Id.; Ralston, 129 Hawai'i at 56, 292 P.3d at 1286.

An appellate court "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it." Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994) (citations omitted).

## III.

The MPSJ was supported by Solomonson's declaration and nine exhibits. The evidence, viewed in the light most favorable to Violeta, showed that on some unspecified date, Solomonson purchased the Property subject to a mortgage from Defendant-Appellee Wells Fargo Home Loans. Solomonson transferred title to the Property to the LLC. Solomonson was the sole member of the LLC.

At some point in time, Solomonson sold his interest in the LLC to Defendants-Appellees Predrag Mirkovic and Ynes Mirkovic (the **Mirkovics**), subject to a Security and Pledge Agreement. The Mirkovics breached the Security and Pledge Agreement. On April 11, 2011, Solomonson and Darren entered into a contract (the **Prime Agreement**) under which Darren (who is a lawyer) agreed to provide legal services to repossess the Property from the Mirkovics, improve the Property, and make mortgage payments to Wells Fargo. Solomonson was to transfer his interest in the LLC to Darren and, upon Darren's satisfaction of the Wells Fargo mortgage, "do all those things necessary to ensure the clear title of [the LLC] as Owner of the Property." If the Property was sold within five years (i.e., before April 11, 2016), the net proceeds were to be equally distributed between Darren and Solomonson. Also on April 11, 2011,

Solomonson and Darren entered into a contract (the **LLC Transfer Agreement**) that transferred Solomonson's membership interest in the LLC to Darren. Violeta was not a party to the Prime Agreement or the LLC Transfer Agreement.

On December 12, 2012, the LLC (through Darren) conveyed the Property to Darren and Violeta. Darren (by declaration) and Violeta (in her memorandum) claim that this was done so a homeowner's exemption could be claimed against the real property tax on the Property.[5]

By letter dated September 23, 2015, Wells Fargo informed Solomonson that title to the Property was conveyed without Wells Fargo's consent, in violation of the mortgage. Wells Fargo required that Solomonson take immediate action to either pay off the mortgage or transfer title back to himself.

By letter dated August 5, 2016, Wells Fargo informed Solomonson that the mortgage payment that was due in May 2016 had not been received, and that Wells Fargo had initiated foreclosure proceedings on June 23, 2016, because title to the Property had not been transferred back to Solomonson. The letter stated that to avoid foreclosure, "[a] Quit Claim Deed needs to be completed transferring property from Darren G Russell and Violeta Ylaite Russell back to Stan Solomon [sic]." On May 24, 2017, Violeta and Darren conveyed the Property to Solomonson by quitclaim deed. Solomonson listed the Property for sale, but the pendency of Violeta's lawsuit and her filing of the lis pendens is preventing the sale of the property. The MPSJ sought possession of the property and expungement of Violeta's lis pendens.

Darren's response to the MPSJ attached his declaration and eight exhibits. Darren conceded that he "agreed to transfer the Property back to Solomonson[.]" Darren also conceded that he signed the May 24, 2017 quitclaim deed to Solomonson, and that "Solomonson thus has title to the Property[.]" He argued,

---

[5] There is no indication in the record what consideration, if any, Darren and Violeta gave in exchange for what appears to be divestiture of the LLC's sole asset.

though, that the quitclaim deed was subject to Solomonson's alleged agreement to convey the Property back to Darren and Violeta. An unsigned copy of an agreement of sale was attached as an exhibit. Darren's declaration acknowledges that the agreement of sale was never recorded in the Bureau of Conveyances.

Violeta's first opposition to the MPSJ purported to include a declaration and exhibits; there was a declaration, but it did not authenticate any of the exhibits.[6] Violeta's second opposition to the MPSJ also purported to attach a declaration and exhibits, but contained no declaration and the exhibits were unauthenticated. Violeta's failure to comply with the "necessary prerequisite to admissibility and consideration by the circuit court" prohibited the circuit court from considering the factually unsubstantiated arguments made in Violeta's memoranda. Fuller v. Pac. Med. Collections, Inc., 78 Hawai'i 213, 224, 891 P.2d 300, 311 (App. 1995).

The circuit court stated, during the hearing on the MPSJ:

> The parties agree that the [May 24, 2017] quitclaim deed was recorded June 1st, 2017, conveying all rights, title, and interest to Mr. Solomonson, and no subsequent agreements relating to interest in the property have since been signed.
>
> The Court, therefore, finds there remains no genuine issues of material fact that interest in the property lies solely with Mr. Solomonson, and Defendant [Darren] Russell and Plaintiff [Violeta] relinquished their interest via quitclaim deed pursuant to the 2011 [Prime A]greement.
>
> Mr. Russell argues that he only transferred the property back to Mr. Solomonson via quitclaim deed due to pressure by the mortgagee, Wells Fargo. But the Court finds that Mr. Russell's motivation for signing the quitclaim deed is immaterial, and he does not contest the validity of the deed, and the deed unequivocably [sic] quitclaims all property interest to Mr. Solomonson. Therefore, the Court finds that the summary judgment is -- in favor of Mr. Solomonson is appropriate.

---

[6]     One of the unauthenticated documents attached to Violeta's first memorandum appears to be an email from the escrow officer who recorded the May 24, 2017 quitclaim deed from Violeta and Darren to Solomonson indicating that the agreement of sale was not recorded because Solomonson did not sign it.

> Lastly, as Plaintiff [Violeta] has no property interest that would entitle her to be placed on title to the property or invalidate the recorded deed, her allegations fail to meet the requirements of HRS 634-51 and do not support a <u>lis pendens</u> which must be expunged. Accordingly, the Court will grant Defendant's motion for partial summary judgment.

### A. The circuit court did not err in granting the MPSJ.

The quitclaim deed from Violeta and Darren to Solomonson was properly authenticated and established that title to the Property was vested in Solomonson. Neither Violeta nor Darren introduced any evidence tending to show that either of them had, or had retained, any legal interest in the Property.

On appeal, Violeta contends there were two issues of fact that made summary judgment inappropriate. The first issue "is whether Defendants Solomonson agreed to the proposed Agreement of Sale as asserted by [Violeta and Darren]." This is not a material fact because no party established the existence of an executed agreement of sale; the document contained in the record is not even signed by Violeta or Darren. The Hawaiʻi statute of frauds, Hawaii Revised Statutes (**HRS**) § 656-1(4) (2016), states in relevant part:

> No action shall be brought and maintained in any of the following cases:
>
> . . . .
>
> (4) Upon any contract for the sale of lands, tenements, or hereditaments, or of any interest in or concerning them;
>
> . . . .
>
> <u>unless the promise, contract, or agreement, upon which the action is brought, or some memorandum or note thereof, is in writing, and is signed by the party to be charged therewith</u>[.]

(Underscoring added.) Even if Solomonson had orally agreed to convey the Property back to Violeta and Darren, the agreement

would not have been enforceable because of the statute of frauds.[7]

Violeta argues that the second issue of fact is "whether Defendants Solomonson's [sic] failure to concurrently record the Agreement of Sale with the Quitclaim Deed effectively placed a constructive trust on the Kīhei property." Violeta did not present this argument to the circuit court; Darren argued that an equitable trust would be a reasonable remedy — but because of a breach of fiduciary duty by Defendant-Appellee Old Republic Title & Escrow of Hawaii, not by Solomonson. Neither Violeta nor Darren asserted in the circuit court the existence of a confidential relationship between them and Solomonson, which would have been required for imposition of a constructive trust on the Property. In re Ishida-Waiakamilo Legacy Tr., 138 Hawai'i 98, 105, 377 P.3d 39, 46 (App. 2016) ("A constructive trust will be imposed if a transfer of land was obtained in an abuse of a confidential relationship."). Nor did Violeta or Darren assert in the circuit court that Solomonson — as opposed to Old Republic — had a duty to record documents at the Bureau of Conveyances, or that the escrow instructions directed Old Republic not to record the quitclaim deed without also recording the agreement of sale.

Violeta also argues on appeal that the circuit court erred in finding that the Prime Agreement expired on April 11, 2016. Whether viewed as an issue of fact or one of law, it is not material to this appeal because Violeta was not a party to, nor a beneficiary of, the Prime Agreement or the related LLC Transfer Agreement.

---

[7] Violeta argues — for the first time in her reply brief — that her execution of the quitclaim deed constituted part performance that takes the proposed agreement of sale out of the statute of frauds. "It is axiomatic that where a party fails to raise an argument before the courts below, that argument may be deemed waived for purposes of appeal." County of Hawai'i v. UNIDEV, LLC, 129 Hawai'i 378, 387, 301 P.3d 588, 597 (2013) (citing State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003)).

**B.    Violeta has waived any challenge to the circuit court's expungement of her lis pendens.**

Violeta's briefs make no discernable argument regarding the circuit court's expungement of her lis pendens. "Hence, this issue has been waived." Lambert v. Waha, 137 Hawai'i 423, 436 n.14, 375 P.3d 202, 215 n.14 (2016) (citations omitted).

**IV.**

For the foregoing reasons, the order granting the Solomonson Defendants' motion for partial summary judgment, the writ of possession, and the judgment for possession, all entered by the circuit court on June 8, 2018, are affirmed.

DATED: Honolulu, Hawai'i, January 21, 2020.

On the briefs:

Hayden Aluli,
for Plaintiff/Counterclaim
Defendant/Appellant

Chief Judge

Matson Kelley,
Alex Wilkins,
for Defendants/Counterclaimants/
Cross-Claimants/Appellees Stan
Solomonson and Solomonson Mapu, LLC

Associate Judge

Associate Judge